Douglas R. Luther (SBN 280550)
dluther@lutherlanard.com
Daniel H. Ngai (SBN 302297)
dngai@lutherlanard.com
LUTHER LANARD, PC
4675 MacArthur Court, Suite 1240
Newport Beach, California 92660
Telephone: (949) 649-4241

Attorneys for Defendants
Hechalou US LLC and Johanna Chen

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| YI-SHENG FANG, an individual; and HECHALOU INTERNATIONAL LLC, a Delaware limited liability company,<br><br>Plaintiffs,<br><br>v.<br><br>HECHALOU US LLC, a California limited liability company; and JOHANNA CHEN, an individual,<br><br>Defendants. | Case No.: 8:25-cv-01180-PA-JDE<br>[*Assigned to Hon. Percy Anderson*]<br><br>**DEFENDANTS' NOTICE OF ERRATA RE: OPPOSITION TO PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION**<br><br>Date: August 4, 2025<br>Time: 1:30 p.m.<br>Courtroom: 9A<br><br>Complaint Filed: May 30, 2025 |

Defendants Hechalou US LLC and Johanna Chen (collectively "Defendants") hereby submit this Notice of Errata in support of their Opposition ("Opposition") to Plaintiffs Yi-Sheng Fang and Hechalou International LLC (collectively "Plaintiffs") Motion for Preliminary Injunction. Defendants hereby correct inadvertent errors cited in their Opposition, as follows:

1. **Original Text, at p. 9, lines 5-7**: "[O]ne who has been guilty of unconscionable conduct should not be permitted to claim irreparable injury." *Worthington v. Anderson*, 386 F.3d 1314, 1320 (10th Cir. 2004).

    **Corrected text**: One who has been guilty of unconscionable conduct should not be permitted to claim irreparable injury. *See, e.g., Worthington v. Anderson*, 386 F.3d 1314, 1321 (10th Cir. 2004); citing *Federal Folding Wall Corp. v. National Folding Wall Corp.,* 340 F.Supp. 141, 146 (S.D.N.Y.1971) and *Saudi Basic Industries Corp. v. Exxonmobil Corp.,* 194 F.Supp.2d 378, 392 (D.N.J.2002).

2. **Original Text, at p. 11, lines 5-8**: "Where the only hardship that the defendant will suffer is lost profits from an activity which has been shown to be illegal, such an argument in defense merits little equitable consideration." *Prairie Band of Potawatomi Indians v. Pierce*, 253 F.3d 1234, 1250 (10th Cir. 2001).

    **Corrected text**: Where the only hardship that the defendant will suffer is lost profits from an activity which has been shown to be illegal, such an argument in defense merits little equitable consideration. *See, e.g., Prairie Band of Potawatomi Indians v. Pierce*, 253 F.3d 1234, 1250 (10th Cir. 2001), *citing American Hosp. Ass'n v. Harris*, 625 F.2d 1328, 1331 (7th Cir. 1980) (noting that irreparable harm is often suffered when "the injury can[not] be adequately atoned for in money,").

3. **Original Text, at p. 12 lines 7-9**: The doctrine prevents parties from "playing fast and loose with the courts" and protects judicial integrity. *MW Erectors, Inc. v. Niederhauser Ornamental & Metal Works Co.*, 36 F.3d 412, 415 (9th Cir. 1994).

**Corrected text:** The doctrine prevents parties from "playing fast and loose with the courts" and protects judicial integrity. *See, e.g., New Hampshire v. Maine*, 532 U.S. 742, 750 (2001), citing *Scarano v. Central R. Co.*, 203 F.2d 510, 513 (3rd Cir. 1953) and *Stretch v. Watson*, 6 N.J. Super. 456, 469 (1949).

4. **Original Text, at p. 13, lines 25-26**: The unclean hands doctrine bars equitable relief when the plaintiff's conduct is "unconscionable, inequitable, or unjust." *Ellenburg v. Brockway, Inc.*, 763 F.2d 1091, 1097 (9th Cir. 1985).

**Corrected text:** The unclean hands doctrine bars equitable relief when the plaintiff's conduct is unconscionable, inequitable, or unjust. *See, e.g., Ellenburg v. Brockway, Inc.*, 763 F.2d 1091, 1097 (9th Cir. 1985)("This maxim 'closes the doors of a court of equity to one tainted with inequitableness or bad faith relative to the matter in which he seeks relief, however improper may have been the behavior of the defendant.'"), *citing Precision Inst. Mfg. Co. v. Automotive Maintenance Mach. Co.,* 324 U.S. 806, 814 (1945).

5. **Original Text, at p.14 line 28 through p.15, line 1**: As the Supreme Court held in *Precision Instrument*, 324 U.S. at 815, "equity aids the vigilant, not those who slumber on their rights."

**Corrected text:** As the Supreme Court held in *Precision Instrument*, 324 U.S. at 815, "'[H]e who comes into equity must come with clean hands.' This maxim is far more than a mere banality. It is a self-imposed ordinance that closes the doors of a court of equity to one tainted with inequitableness or bad faith relative to the matter in which he seeks relief, however improper may have been the behavior of the defendant. That doctrine is rooted in the historical concept of court of equity as a vehicle for affirmatively enforcing the requirements of conscience and good faith. This presupposes a refusal on its part to be 'the abetter of iniquity.'" *Id.*

6. **Original Text, at p. 15, lines 4-6**: Courts routinely apply unclean hands to bar trademark claims arising from illegal conduct. In *Grocers Supply Co. v. Cabello*, 390 F.Supp.3d 1215, 1225 (S.D. Cal. 2019), the court denied injunctive relief where the plaintiff engaged in "systematic illegal conduct" related to the trademark rights at issue.

**Corrected text**: Courts routinely apply unclean hands to bar trademark claims arising from illegal conduct. *See, e.g., Kendall-Jackson Winery, Ltd. v. Superior Court*, 76 Cal.App.4th 970.

DATED: July 21, 2025                     **LUTHER LANARD, PC**

                                                  By:    */s/ Daniel H. Ngai*
                                                       Daniel H. Ngai
                                                       Attorneys for Defendants
                                                       Hechalou US LLC and Johanna Chen

CERTIFICATE OF WORD COUNT

Pursuant to L.R. 11-6.2, the undersigned counsel of record for Defendants Hechalou US LLC and Johanna Chen hereby certifies that the enclosed brief contains 707 words, including headings, footnotes, and quotations, which complies with this Court's Standing Order on Newly Assigned Cases as well as with L.R. 11-6.1.

DATED: July 21, 2025             **LUTHER LANARD, PC**

                                      By:      */s/ Daniel H. Ngai*
                                                Daniel H. Ngai
                                                Attorneys for Defendants
                                                Hechalou US LLC and Johanna Chen