UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 25-1180 PA (JDEx) | Date | September 12, 2025 |
|---|---|---|---|
| Title | Yi-Sheng Fang, et al. v. Hechalou US LLC, et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Kamilla Sali-Suleyman | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**    IN CHAMBERS - COURT ORDER

Before the Court is the Order to Show Cause Regarding Sanctions and the parties' responses to the Order to Show Cause. (Docket Nos. 25, 26, 32, 35.) Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court finds that this matter is appropriate for decision without oral argument, and rules as follows.

## I.      Factual and Procedural Background

On July 14, 2025 counsel for defendants Hechalou US LLC and Johanna Chen ("Defendants") filed an Opposition to the Motion for Preliminary Injunction filed by plaintiffs Yi-Sheng Fang and Hechalou International LLC ("Plaintiffs"). (Docket No. 18.) On July 21, 2025 (the date that Plaintiffs' Reply was due), Defendants filed a "Notice of Errata" to correct "inadvertent errors cited in their Opposition." (Docket No. 19.) The Notice of Errata highlights six citation errors – four involve quotations that did not exist in the cited cases, and two involve changing the case citations for the proffered proposition. (Notice of Errata at pp. 1-6.) Both the Opposition and Notice of Errata list Douglas R. Luther and Daniel H. Ngai as attorneys for Defendants were signed by counsel Daniel H. Ngai on behalf of the law firm Luther Lanard, PC.

In connection with Plaintiffs' Reply, also filed on July 21, 2025, Plaintiffs submitted a supplemental declaration of counsel to address the erroneous quotations and citations. (Docket No. 20-1, Supp. Adams Decl. ). This supplemental declaration also included a chart identifying nine erroneous citations (three more than Defendants included in their Notice of Errata), and summarizes the issues with each citation. (Docket No. 17-2; Exhibit A to Supp. Adams Decl.). The issues involved citation to cases that either: (1) do not exist; (2) exist but do not include the quoted language; or (3) exist but do not include the quoted language or address the point being argued. (Id.)

On August 7, 2025 the Court issued an Order requesting that Defendants show cause why they and their counsel, Douglas R. Luther and Daniel H. Ngai of Luther Lanard, PC, should not be sanctioned under Fed. R. Civ P. 11, Local Rules 11-3.9.3, 83-7, 28 U.S.C. § 1927 and the

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### CIVIL MINUTES - GENERAL

| Case No. | CV 25-1180 PA (JDEx) | Date | September 12, 2025 |
|---|---|---|---|
| Title | Yi-Sheng Fang, et al. v. Hechalou US LLC, et al. | | |

Court's inherent authority by: (1) the imposition of monetary sanctions in an amount up to $5,000; (2) the imposition of monetary sanctions in an amount necessary to compensate Plaintiffs for having to respond to any false citations in Plaintiffs' Reply; and (3) being required to file a declaration in connection with all future filings of briefs or legal memoranda certifying that the filer has reviewed the source material and verified that the content is accurate and complies with the filer's Rule 11 obligation. (Docket No. 25.)

    Luther Lanard, PC filed its response, including a declaration of Douglas Luther, on August 15, 2025. (Docket No. 26.) Mr. Luther stated that: (1) as a small firm with "fee sensitive" clients, the firm uses artificial intelligence ("AI") to "more efficiently undertake cases and provide access to justice;" (2) in this case, the AI used by the firm generated inaccurate legal citations; and (3) the drafting attorney failed to review and confirm the accuracy of all citations in the Opposition, contrary to firm policy. (Lanard Decl. ¶¶ 2, 3.) Mr. Lanard apologized to the Court, opposing counsel and to his client, and asked that the Court impose no monetary sanctions, or sanctions in an amount less than $1,000 based on the following arguments: (1) the error was the result of an accidental oversight; (2) the error was brought to the Court's attention through the notice of errata; (3) although the case names, citations and quotations were inaccurate, the underlying principles of law were largely correct; (4) this is the first time the firm is facing sanctions; (5) the firm takes the matter very seriously and has implemented policies to ensure it doesn't happen again; and (6) the two attorney's who filed the Opposition (Mr. Luther and Mr. Ngai) had agreed to take CLE courses on the use of AI in legal writing. (Lanard Decl. ¶¶ 4-11.)

    Mr. Ngai, the attorney responsible for filing the Opposition also submitted a declaration in response to the Court's Order to Show Cause. (Docket No. 26.) Mr. Ngai stated that although he is "relatively new to generative artificial intelligence" he was also aware that errors can occur. (Ngai Decl. ¶ 4.) Mr. Ngai explained that he did not intend to mislead the Court, parties or opposing counsel, and described his conduct as follows – although he checked generally to see that the legal propositions in the AI generated outline were correct, he did not check the cited language or verify that all the cases existed or represented the legal positions asserted. (Id. ¶¶ 5-6.) Mr. Ngai has now enrolled in continuing legal education classes at his own expense and apologized to his clients and opposing counsel. (Id. ¶ 9.) Finally, Mr. Ngai asked that the Court impose sanctions only on himself, and not on his client, Mr. Luther or the law firm of Luther Lanard, PC. (Id. ¶ 13.)

    Upon receipt of this Response, the Court issued another Order requesting that Plaintiffs file a declaration that detailed the total amount of costs and fees incurred as a result of having to prepare a response to the false citations in Defendants' Opposition. (Docket No. 32.) Plaintiffs' counsel, Kevin A. Adams of Mortenson Taggart Adams LLP, filed a Declaration in response to

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | CV 25-1180 PA (JDEx) | Date | September 12, 2025 |
|---|---|---|---|
| Title | Yi-Sheng Fang, et al. v. Hechalou US LLC, et al. | | |

the Court's Order. (Docket No. 37.) Mr. Adams stated that the total amount of fees incurred as a result of having to respond to the false citations was $4,837.00, based on approximately 10 hours of attorney and paralegal time spent on legal research and drafting the portion of the reply brief, declaration and supporting chart that addressed the false citations. (Adams Decl. ¶ 2.)

**II.     Analysis**

While the Court acknowledges defense counsel's transparency and candor in admitting the unverified use of AI as the explanation for the false citations, these errors are highly problematic and simply unacceptable to the Court, especially given that there have been many recent and highly publicized cases where attorneys' use of artificial intelligence has resulted in briefs that cite non-existent or hallucinated authorities. At this point, it is "well-known in the legal community that AI resources generate fake cases." Wadsworth v. Walmart Inc., 348 F.R.D. 489, 497 (D. Wyo. 2025). As a result, "[a]cross the country, courts have issued a panoply of sanctions against attorneys who submitted fake cases." Benjamin v. Costco Wholesale Corp., No. 24-CV-7399, 2025 WL 1195925, at *5 (E.D.N.Y. Apr. 24, 2025) (citing cases where courts imposed monetary sanctions up to $15,000, referred attorneys to the appropriate disciplinary body for disciplinary sanctions, and imposed other penalties for similar apparent misconduct); see also Mid Central Operating Engineers Health & Welfare Fund v. HoosierVac, LLC, No. 24-cv-00326, 2025 WL 574234, at *3, 5 (S.D. Ind. Feb. 21, 2025) (recommending sanctions for citing authorities "hallucinate[d]" by artificial intelligence in court filings); Gauthier v. Goodyear Tire & Rubber Co., No. 23-CV-281, 2024 WL 4882651, at *3 (E.D. Tex. Nov. 25, 2024) (imposing sanctions under Fed. R. Civ. Pro. 11(b) for filing a brief that included fake case law generated by artificial intelligence "without confirming the existence or validity of the cases included"); Mata v. Avianca, Inc., 678 F. Supp. 3d 443, 465 (S.D.N.Y. 2023) (same).

"The bottom line is this: at this point, no lawyer should be using . . .any . . .generative AI product to perform research without verifying the results." In re Martin, 670 B.R. 636, 648 (N.D. Ill. 2025) (citing Lacey v. State Farm Gen. Ins. Co.,, CV 24-5205, 2025 WL 136069, at *3 (C.D. Cal. May 5, 2025) ("Even with recent advances, no reasonably competent attorney should out-source research and writing to this technology—particularly without any attempt to verify the accuracy of that material."); Mid Cent. Operating Eng'rs, 2025 WL 574234, at *2 ("It is one thing to use AI to assist with initial research, and even non-legal AI programs may provide a helpful 30,000-foot view. It is an entirely different thing, however, to rely on the output of a generative AI program without verifying the current treatment or validity—or, indeed, the very existence—of the case presented.")).

The Court's Order to Show Cause asked counsel to address the imposition of sanctions under Federal Rule of Civil Procedure 11, the Local Rules, 28 U.S.C. § 1927 and the Court's

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | CV 25-1180 PA (JDEx) | Date | September 12, 2025 |
|---|---|---|---|
| Title | Yi-Sheng Fang, et al. v. Hechalou US LLC, et al. | | |

inherent power. The Court has determined that sanctions under 28 U.S.C. § 1927 are appropriate in this case.

Under section 1927, an attorney may be required to pay "excess costs, expenses, and attorneys' fees" on counsel who "multiplies the proceedings in any case unreasonably and vexatiously." The imposition of sanctions under section 1927 is left to the sound discretion of the Court. See Haynes v. City & Cnty. of San Francisco, 688 F.3d 984, 987 (9th Cir.2012) ("Thus, with § 1927 as with other sanctions provisions, '[d]istrict courts enjoy much discretion in determining whether and how much sanctions are appropriate.'") (quoting Trulis v. Barton, 107 F.3d 685, 694 (9th Cir.1995)). While "bad faith is required for sanctions under the court's inherent power" to sanction, "recklessness suffices" for the imposition of sanctions under section 1927. B.K.B. v. Maui Police Dep't, 276 F.3d 1091, 1107 (9th Cir. 2002), overruled on other grounds by Fort Bend Cnty., Texas v. Davis, 587 US 541 (2019) (quoting Fink v. Gomez, 239 F.3d 989, 993 (9th Cir. 2001)).[1]

The Court finds that the conduct in this case was reckless. Despite the fact that it is well known in the legal community that AI resources generate fake cases and attribute false quotations, defense counsel relied on AI to generate the arguments in the Opposition, and then filed the brief without verifying the accuracy of the legal citations. Based on the filing, Plaintiffs were obligated to spend time and resources on responding to the false citations in addition to the actual legal arguments. The false citations necessitated additional briefing and forced the parties and the Court to spend significant resources on the order to show cause. Moreover, while there may be actual cases that stand for the propositions Defendants argue in their Opposition, their failure to properly identify any of those cases prevented Plaintiffs and the Court from being able to locate and review those cases and, in turn, took the Court's time from other important matters and hindered the Court's performance of one of its core functions. Thus, it is undeniable that defense counsel's actions unreasonably multiplied the proceedings in this case and that as a result, awarding sanctions based on the amount of attorneys' fees incurred because of the use of AI generated cases is warranted.

In determining the appropriate sanctions in this case, the Court has considered the mitigating factors. The attorneys in this case filed a notice of errata once they discovered the false citations, apologized to the Court, opposing counsel and their client. They also took steps

---

[1] The Court notes that other Ninth Circuit cases have defined the standard for imposing sanctions under section 1927 as requiring a finding of subjective bad faith, but then go on to define subjective bad faith as present when an attorney acts recklessly. E.g., Lake v. Gates, 130 F.4th 1064 (9th Cir. 2025) (citing Blixseth v. Yellowstone Mountain Club, LLC, 796 F.3d 1004, 1007 (9th Cir. 2015)).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 25-1180 PA (JDEx) | Date | September 12, 2025 |
|---|---|---|---|
| Title | Yi-Sheng Fang, et al. v. Hechalou US LLC, et al. | | |

to remediate the situation prior to the issuance of sanctions. Absent these factors, the Court would have considered far greater and additional types of sanctions. Cf. United States v. Hayes, 763 F. Supp. 1054, 1064 (E.D. CA 2025) (noting attorney mislead the court by claiming that hallucinated cases were result of an inadvertent error); Mata, 678 F. Supp. at 449 (sanctions based in part on attorneys' failure to admit use of AI generated cases and continued to mislead the court).

### Conclusion

Based on the foregoing, the Court believes that reimbursement of 50% of the attorneys' fees generated as a result of the AI generated citations is a reasonable sanction, and that the sanction should be imposed on the law firm that filed the brief as opposed to the individual attorney or attorneys responsible. Accordingly the Court orders as follows:

1. Counsel for Defendants, the law firm of Luther & Lanard, PC, shall pay sanctions in the amount of $2,418.50 to counsel for Plaintiffs (Mortenson Taggert Adams LLP) within 10 days of the date of this order;

2. By that same date, counsel shall notify the California State Bar of the sanction, attaching a copy of this Order.

3. Defense counsel shall also file a declaration of compliance with this Order by no later than September 30, 2025.

4. The Court's Order to Show Cause issued on August 7, 2025 is discharged.

5. The Court will approve the substitution of counsel form submitted by Luther & Lanard, PC (Docket No. 27) after the declaration of compliance is filed, and after submission of a proposed order in accordance with the Local Rules. (See Docket No. 32.)

IT IS SO ORDERED.