JS-6

Kevin A. Adams, State Bar No. 239171
kadams@mortensontaggart.com
Sandra G. Gibbs, State Bar No. 321677
sgibbs@mortensontaggart.com
**MORTENSON TAGGART ADAMS LLP**
300 Spectrum Center Drive, Suite 1200
Irvine, California 92618
Telephone: (949) 774-2224
Facsimile: (949) 774-2545

Attorneys for Plaintiffs and Counter Defendants
YI-SHENG FANG, HECHALOU INTERNATIONAL LLC, and HECHALOUTEA CO., LTD.

**BUCHALTER LLP**

Philip Nulud (SBN 245147)
pnulud@buchalter.com
1000 Wilshire Boulevard, Suite 1500
Los Angeles, CA 90017-1730
Telephone: 213.891.0700

Amanda G. Hyland (*Admitted Pro Hac Vice*)
ahyland@buchalter.com
AUSTIN C. VINING (*Admitted Pro Hac Vice*)
avining@buchalter.com
3475 Piedmont Rd. NE, Suite 1100
Atlanta, GA 30305
Telephone: 404.832.7530

Christina M. Morgan (SBN 277877)
cmorgan@buchalter.com
655 West Broadway 1600
San Diego, California 92101-8494
Telephone: 619.219.5335

Attorneys for Defendants/Counterclaimants
HECHALOU US LLC and JOHANNA CHEN

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| YI-SHENG FANG, an individual; and HECHALOU INTERNATIONAL LLC, a Delaware limited liability company,<br>Plaintiffs,<br><br>vs. | CASE NO. 8:25-cv-01180-PA-JDE<br>Honorable Percy Anderson<br><br>**STIPULATED PERMANENT INJUNCTION** |

HECHALOU US LLC, a California limited liability company; and JOHANNA CHEN, an individual,

Defendants.

HECHALOU US LLC, a California limited liability company; and JOHANNA CHEN, an individual,

Counter Claimants,

vs.

YI-SHENG FANG, an individual; HECHALOUTEA CO., LTD. a Taiwanese Company and HECHALOU INTERNATIONAL LLC, a Delaware limited liability company,

Counter Defendants.

# STIPULATED PERMANENT INJUNCTION

1. Plaintiffs and Counter-Defendants Yi-Sheng Fang ("Fang") and Hechalou International LLC commenced this action by filing the Complaint against Defendants and Counterclaimants Hechalou US LLC ("HUS") and Johanna Chen ("Chen").

2. All parties have appeared and now agree to the settlement of the action by stipulation and without further adjudication of any issue of fact or law.

3. Fang contends that he is the owner of certain trademarks, service marks, and trade dress for the operation of tea shops and the sale of tea-based beverages and related products under International Classes 043 and 030, including but not limited to the following registration and pending applications in the United States Patent and Trademark Office ("USPTO"): Reg. No. 7,750,969; Ser. No. 97/226,597; Ser. No. 98/553,674; and Ser. No. 98/560,700; and any trademarks, service marks, or trade dress that Fang or his affiliates may use or adopt in the future to identify tea shops, tea-based beverages, and related goods and services (collectively, the "Hechalou Marks").

4. From approximately March 2024 until April 2025, HUS operated tea shops in Lakewood and Alhambra, California, using the Hechalou Marks pursuant to a trademark license granted by Fang's affiliate, Counter-Defendant Hechaloutea Co., Ltd. ("Hechaloutea"). HUS rescinded the license agreement on or about April 18, 2025.

5. On or about April 17, 2024, HUS filed an application with the USPTO that was assigned Ser. No. 98/504,949 (the "HUS Application"). The HUS Application is the subject of an Opposition proceeding initiated by Fang before the Trademark Trial and Appeal Board ("TTAB"), Opposition No. 91295497, which is currently suspended due to the pendency of the proceeding in this Court.

6. On May 30, 2025, Plaintiffs filed this action asserting trademark infringement, among other things, and seeking preliminary and permanent injunctive relief. Plaintiffs filed a Motion For Preliminary Injunction on July 3, 2025 [Dkt. 17].

7. On July 31, 2025, after considering the briefs and materials submitted by the parties, this Court held that Plaintiffs were entitled to the requested preliminary injunction [Dkt. 24]. The preliminary injunction was issued on October 1, 2025 [Dkt. 57].

8. In an effort to avoid the cost of litigation, the parties have entered into this Stipulated Permanent Injunction, which this Court hereby adopts as its Stipulated Judgment, as follows:

**IT IS ORDERED, ADJUDGED, AND DECREED** that Defendants and their owners, officers, directors, principals, members, shareholders, agents, servants, managers, employees, attorneys, successors, assigns, affiliates, and all other persons and entities in active concert or participation with any of them are hereby permanently enjoined from:

1. Using the Hechalou Marks for any purpose;

2. Using, displaying, advertising, or promoting, in any manner, any word, term, design, logo, symbol, name, or designation on or in connection with the advertising, marketing, selling, or offering for sale of tea-based beverages and related goods and services, where such use is likely to cause confusion, mistake, or deception as to the source, origin, affiliation, or sponsorship of the goods or services of Plaintiffs' authorized affiliates, licensees, and franchisees;

3. Representing to the public, in any manner, that their businesses are authorized or sponsored by or affiliated with Plaintiffs, or Plaintiffs' franchisees or affiliates, or that they own the Hechalou Marks; and

4. Filing any applications to register any of the Hechalou Marks or any marks that are confusingly similar to the Hechalou Marks.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that Defendants shall, within ten (10) days of the date of this Order:

1. Withdraw or cancel the HUS Application with the USPTO;

2. To the extent HUS or Chen have filed any comments, letters of protest, oppositions, notices, or other submissions with the USPTO concerning any of the Hechalou Marks, withdraw such submissions;

3. File a copy of this Order with the TTAB in Opposition No. 91295497;

4. Withdraw or cancel any trademark applications pending in the USPTO or any other governmental agencies for any of the Hechalou Marks or any marks that are confusingly similar to the Hechalou Marks; and

5. Abandon or cancel any trademark registrations in the USPTO or any other governmental agencies for any of the Hechalou Marks or any marks that are confusingly similar to the Hechalou Marks.

**AND IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that:

1. The parties have represented to the Court that, with the assistance of their counsel, they have read the provisions of this Stipulated Permanent Injunction and are prepared to abide by them;

2. This Stipulated Permanent Injunction is a final judgment and order in this matter with respect to all claims by and between the parties;

3. The parties hereby waive all rights to appeal or otherwise challenge or contest the validity of this Stipulated Permanent Injunction; and

4. This action is hereby DISMISSED WITH PREJUDICE, each party to bear its own costs of suit and attorneys' fees.

**IT IS SO ORDERED.**

Dates: July 20, 2026

Percy Anderson
United States District Judge

DATED: July 16, 2026

MORTENSON TAGGART ADAMS LLP

By: /s/ Kevin A. Adams
Kevin A. Adams
Sandra G. Gibbs
Attorneys for Plaintiffs and Counter Defendants Yi-Sheng Fang, Hechalou International LLC, and Hechaloutea Co., Ltd.

DATED: July 16, 2026

BUCHALTER LLP

By: /s/ Amanda G. Hyland
Philip Nulud
Amanda G. Hyland
Austin C. Vining
Attorneys for Defendants and Counterclaimants Hechalou US LLC and Johanna Chen

**LOCAL RULE 5-4.3.4(a)(2) ATTESTATION**

I, Kevin A. Adams, attest that all other signatures listed attest that all other signatures listed, and on whose behalf the filing is submitted, concur in the filing's contents and have authorized the filing.

/s/ Kevin A. Adams
Kevin A. Adams